**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**
**MDD_SAGchambers@mdd.uscourts.gov**

March 2, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Dawn C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 1:24-cv-03495-SAG

Dear Counsel:

On December 3, 2024, Plaintiff Dawn C. ("Plaintiff"), proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case (ECF No. 13), as well as Plaintiff's correspondence (ECF No. 15), which the Court interprets as a motion to remand, and the government's response (ECF No. 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. Dec. 1, 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion to remand and AFFIRM the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on August 10, 2021, alleging a disability onset date of June 17, 2020. Tr. 11. Plaintiff's claims were denied initially and on reconsideration. Tr. 92-96, 100-04. On November 7, 2023, an Administrative Law Judge ("ALJ") held a telephone hearing. Tr. 11-29. Following the hearing, on March 13, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 11-25. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Carolyn Colvin, the Commissioner of Social Security on December 3, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Dawn C. v. Bisignano*
Civil No. 1:24-cv-03495-SAG
March 2, 2026
Page 2

## II.      THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 10, 2021, the application date[.]"  Tr. 13.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "unspecified asthma; morbid obesity; gastroparesis; mild lumbar spondylosis; intractable migraine; a generalized anxiety disorder; and major depressive disorder."  Tr. 13.  The ALJ also determined that Plaintiff suffered from the non-severe impairment of "type two diabetes mellitus."  Tr. 13. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]"  Tr. 14.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a), except the claimant can have no more than occasional exposure to extreme cold, extreme heat, and pulmonary irritants (such as fumes, odors, dusts, and gases).  She should avoid all exposure to hazards, such as unprotected heights, moving surfaces, heavy machinery, and unshielded moving mechanical parts.  She can understand, remember, and carry out simple instructions.  She can use judgment to make simple work-related decisions.  She can deal with changes in a routine work setting occasionally.  Finally, the work should not require greater than occasional interaction with supervisors, coworkers or the general public, once the job is learned and duties are assigned.

Tr. 16.

The ALJ determined that Plaintiff had no past relevant work, Tr. 23, but, based in part on the testimony of a vocational expert, could perform the duties of a final assembler (Dictionary of Occupational Titles ("DOT") 713.687-018), a waxer (DOT 779.687-038), and a dowel inspector (DOT 669.687-014), which were other jobs that existed in significant numbers in the national economy, Tr. 24.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 24-25.

## III.      PLAINTIFF's MOTION TO REMAND

*Dawn C. v. Bisignano*
Civil No. 1:24-cv-03495-SAG
March 2, 2026
Page 3

Plaintiff submitted with her brief a medical narrative letter ("Letter") dated March 25, 2025, from Katie Magruder, a Licensed Clinical Professional Counselor at Committed to Change, PC. ECF No. 15-1. Plaintiff attached the Letter to her filing without comment or explanation. "[T]he long-standing practice is to construe *pro se* pleadings liberally." *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court will liberally construe Plaintiff's filing and attachment as a motion to consider the Letter as new evidence warranting remand. The Letter was not among the evidence presented to the Commissioner. *See*, *generally*, ECF No. 13. This Court cannot consider evidence that was not presented to the SSA, but is permitted, if appropriate, to remand a case for consideration of new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g). *Kelvin W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-921, 2022 WL 847585, at *5 (D. Md. Mar. 21, 2022). *See Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991) ("Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier."); *Mixon v. Shalala*, 30 F.3d 130 (4th Cir. 1994).

> The Fourth Circuit has identified four requirements for remand under sentence six.
>
> First, the claimant must demonstrate that the new evidence is relevant to the determination of disability at the time the claimant first applied for benefits and is not merely cumulative of evidence already on the record. *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985) (citing *Mitchell v. Schweiker,* 699 F.2d 185, 188 (4th Cir.1983)). Second, the claimant must establish that the evidence is material, in that the Commissioner's decision "'might reasonably have been different' had the new evidence been before her." *Id.* (quoting *King v. Califano,* 599 F.2d 597, 599 (4th Cir.1979)). Third, the claimant must show that good cause exists for her failure to present the evidence earlier. *Id.* And fourth, the claimant must present to the reviewing court "'at least a general showing of the nature' of the new evidence." *Id.* (quoting *King*, 599 F.2d at 599).

*Finney v. Colvin*, 637 F. App'x 711, 715–16 (4th Cir. 2016). Plaintiff satisfies the fourth requirement by providing the Letter to the Court, however, she has not satisfied the other three requirements.

"An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied." *Szubak v. Secy or Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff has not demonstrated that the information in the Letter is relevant to the time period during which her claim was evaluated by the ALJ. The Letter is dated March 25, 2025, ECF No. 15-1, more than one year after the ALJ issued his decision on March 13, 2024. Tr. 25.  While the new evidence need not have been created during the period adjudicated in the proceeding before the Commission, *Bird v. Commissioner of Social Security*, 699 F.3d 337, 340–41 (4th Cir. 2012), it must "relate to the time period for which benefits were denied," and not be merely probative "of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition," *Szubak*, 745 F.2d at 833. Magruder states Plaintiff had been her patient since October 2022 and a patient of the organization Committed to Change, P.C., since March 2020, but

*Dawn C. v. Bisignano*
Civil No. 1:24-cv-03495-SAG
March 2, 2026
Page 4

Magruder does not distinguish among the time periods she is discussing in her 2025 letter. ECF No. 15-1. Plaintiff has not demonstrated that the Letter relates to the time period relevant to the ALJ's decision. Cf. *Bird*, 699 F.3d at 341 (evidence created after the plaintiff's date last insured, including a "psychological examination conducted by the VA [which] indicated that Bird's symptoms of PTSD had been ongoing since his return from military service in Vietnam," merited retrospective consideration).

Further, the Letter is not material because it does not add new information for the ALJ's consideration. The scant facts the Letter offers are immaterial either because they are outside the relevant time period or cumulative of data properly in the record which the ALJ did consider. In the Letter, Magruder states, "[t]he *current* medication that [Plaintiff] is on are Ambien, Xanax, Trazodone, Vraylar, and Prazosin," and "[Plaintiff's] *current* diagnoses include 1) Bipolar II Disorder, and 2) Posttraumatic Stress Disorder." ECF No. 15-1 at 1 (emphasis added). Plaintiff's current medications and diagnoses as of March 2025, with no indication in the Letter that they related back to the applicable time period, are not material to determining her disability status between June 17, 2020, the alleged disability onset date, and March 13, 2024, when the ALJ issued his decision. Additionally, both pieces of data were cumulative of data in the records entered into evidence that the ALJ considered. Tr. 1458, 1462, 1464 (provider Jessica Henderson, CRNP, providing diagnoses for Plaintiff of "Bipolar" and "PTSD" and the associated DSM-V codes); Tr. 18 (listing Plaintiff's "prescribed medications, such as Ambien, Prazosin, Vraylar, Xanax, and Trazodone prescribed in October of 2023").

Much of the remainder of the Letter consists of conclusions. Magruder states that Plaintiff has mental health episodes "that limit her ability to function on a daily basis," that "[s]he has difficulty with her memory, concentration, inability to stay on task, and . . . not being able to fully think through her actions and consequences," and that Plaintiff "has not seen much improvement in her symptoms for some time." ECF No.15-1 at 1. However, Magruder does not provide exams, test results, or treatment notes that the ALJ could review to evaluate the evidence. Further, Magruder's conclusory statements conflict with some conclusions the ALJ drew based on record evidence during the relevant time period that the ALJ reviewed. Tr. 16 ("medical evidence during the relevant period…indicates improvement of the [Plaintiff's] mental health symptoms with medication."); Tr. 16, 18, 22 (Plaintiff reported shopping, doing laundry, and preparing simple meals for herself, taking care of her own personal grooming, managing her own money, and caring for her pets with minimal assistance from Plaintiff's mother when Plaintiff forgot water for her pets). Magruder also opines on matters that are reserved to the agency, stating Plaintiff 'would not be able to function in the workplace and keep a steady job." ECF No. 15-1 at 2. "Statements on issues reserved to the Commissioner" that "direct [the ALJ's] determination or decision that [a claimant is]… disabled" such as "[s]tatements that [a claimant is] or [is] not disabled, ... able to work, or able to perform regular or continuing work," are "inherently neither valuable nor persuasive." *Daniel W. v. Bisignano*, No. 1:24CV402, 2025 WL 2697267, at *10 (M.D.N.C. Sept. 22, 2025) (internal citations omitted) (finding that as the ALJ would not have been obligated to analyze those opinions, "Plaintiff cannot demonstrate the materiality of those opinions"). Plaintiff has not established that the Letter is material and that ALJ's decision "might reasonably have been different" had the Letter been before him.

*Dawn C. v. Bisignano*
Civil No. 1:24-cv-03495-SAG
March 2, 2026
Page 5

Plaintiff has not shown good cause for her failure to present earlier a letter from Magruder that did relate to the relevant time period. Plaintiff applied for benefits on August 10, 2021, alleging a disability onset date of June 17, 2020. Tr. 11. The ALJ held a telephone hearing on November 7, 2023, at which the Plaintiff testified. Tr. 11. The ALJ listed the evidence in the record and asked Plaintiff whether any additional records should be included. Tr. 36-39. While Plaintiff did mention two additional providers, she did not mention Magruder. Tr. 37-39. The ALJ also advised Plaintiff that she would receive copies of all medical records in evidence and would have 10 days after receipt "to submit a letter or make comments about the records that [Plaintiff] received." Tr. 39-40, 58. The transcript shows multiple records from Committed to Change, P.C. Tr. 551-667; 1444-1474. The ALJ issued the decision on March 13, 2024, about four months after the hearing date. Tr. 25. Plaintiff has not shown good cause for not adding a letter from Magruder to her record for the ALJ's consideration. *See Mixon*, 30 F.3d at 130 ("According to *Melkonyan*, remand is not warranted because nothing prevented Mixon from seeking independent evaluation before he presented his case to the administrative law judge. No evidence that was not available at the time of the hearing has come to light.")

For these reasons, remand under sentence six is not warranted.

## IV.    REVIEW OF ALJ's DECISION

I next consider the ALJ's decision finding that Plaintiff is not disabled under the Social Security Act.

### A.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### B.  ANALYSIS

I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the agency's

*Dawn C. v. Bisignano*
Civil No. 1:24-cv-03495-SAG
March 2, 2026
Page 6

critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the agency's findings). For the reasons described below, the ALJ's decision applied the correct legal standards, and the conclusions are supported by substantial evidence.

Plaintiff argues that:

I am not sure I even understand why my claim was adjudicated nor do I understand this current process. What I do know is my health will not allow me to work at any level and I need to be approved [for] my disability so that I can meet my basic needs.

ECF No. 15 at 1.

A review of the ALJ's decision, however, makes clear that the ALJ considered these allegations, properly evaluated Plaintiff's medical records, and proceeded in accordance with applicable law. *See* 20 C.F.R. § 416.920(a) (describing the SSA's five-step sequential evaluation for determining disability). At step one, the ALJ decided in Plaintiff's favor, determining that Plaintiff had not engaged in substantial gainful activity since her application date. Tr. 13; *see* 20 C.F.R. § 416.920(a)(4)(i).

At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented her from working, finding Plaintiff's "unspecified asthma; morbid obesity; gastroparesis; mild lumbar spondylosis; intractable migraine; a generalized anxiety disorder; and major depressive disorder" to be severe and finding Plaintiff's type two diabetes mellitus to be non-severe. Tr. 13; *see* 20 C.F.R. § 416.920(a)(4)(ii).

At step three, the ALJ determined that Plaintiff's physical and mental impairments did not meet or medically equal the criteria of any listings. Tr. 14; *see* 20 C.F.R. § 416.920(a)(4)(iii). In order to meet the requirements of a listed impairment, a claimant must meet all of the elements of the listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Hays v. Sullivan*, 907 F.2d 1453, 1456–58 (4th Cir. 1990). The ALJ considered Plaintiff's severe physical impairments of "unspecified asthma; morbid obesity; gastroparesis; mild lumbar spondylosis; intractable migraine," and considered Listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)), 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina), 3.03 (asthma), and 11.02 (epilepsy), but he ultimately concluded that none were applicable to Plaintiff's physical conditions. Tr. 14–15.

The ALJ considered Plaintiff's obesity in combination with other impairments as directed by Social Security Ruling ("SSR") 19-2p, 2019 WL 2374244 (S.S.A. May 20, 2019). Tr. 14. The ALJ also considered Plaintiff's migraines in combination with other impairments as directed by SSR 19-4p, 2019 WL 4169635 (S.S.A. Aug. 26, 2019), specifically with respect to Listing 11.02 (epilepsy) as the "most closely analogous listed impairment." Tr. 14-15. The ALJ also considered Plaintiff's severe mental impairments at this step. Tr. 15–16. The ALJ determined that Plaintiff could not satisfy all the elements for Listings 12.04 (depressive, bipolar and related disorders),

*Dawn C. v. Bisignano*
Civil No. 1:24-cv-03495-SAG
March 2, 2026
Page 7

12.06 (anxiety and obsessive-compulsive disorders) or 12.15 (trauma- and stressor-related disorders) because she could not meet the criteria for either "paragraph B" or "paragraph C." Tr. 15-16. Under paragraph B criteria, the ALJ determined that Plaintiff had moderate limitations in understanding, remembering, or applying information, in interacting with others, in concentrating, persisting, or maintaining pace, and in adapting or managing oneself. Tr. 15–16. Under paragraph C criteria, the ALJ determined that Plaintiff had not shown marginal adjustment, or minimal capacity to adapt to changes in her environment. Tr. 16.

Before continuing to step four, the ALJ evaluated Plaintiff's residual functional capacity ("RFC") by assessing the extent to which her impairments limited her ability to work. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ concluded that, despite her impairments, Plaintiff maintained the RFC to:

> perform sedentary work as defined in 20 CFR 416.967(a), except the claimant can have no more than occasional exposure to extreme cold, extreme heat, and pulmonary irritants (such as fumes, odors, dusts, and gases). She should avoid all exposure to hazards, such as unprotected heights, moving surfaces, heavy machinery, and unshielded moving mechanical parts. She can understand, remember, and carry out simple instructions. She can use judgment to make simple work-related decisions. She can deal with changes in a routine work setting occasionally. Finally, the work should not require greater than occasional interaction with supervisors, coworkers or the general public, once the job is learned and duties are assigned.

Tr. 16.

When performing an RFC assessment, an ALJ is tasked with considering all relevant evidence, including a claimant's medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. SSR 96-8p, 1996 WL 374184, at *2, *5 (S.S.A. July 2, 1996); *see also* 20 C.F.R. §§ 416.929, 416.945.

The ALJ began the RFC assessment by summarizing Plaintiff's hearing testimony, medical records, the medical opinions in the record, and the non-medical report of observations by Plaintiff's mother. Tr. 16–23. The ALJ considered Plaintiff's allegations of debilitation as a result of her impairments. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Tr. 17, but found that her testimony as to the intensity, persistence, and limiting effects of her symptoms "not entirely consistent with the medical evidence and other evidence in the record," Tr. 17. *See Chater*, 76 F.3d at 594 (explaining the Fourth Circuit's two-part test for evaluating a claimant's subjective complaints). Further, the ALJ provided an explanation of the credibility finding pertaining both to Plaintiff's physical and mental impairments. Tr. 21–22.

*Dawn C. v. Bisignano*
Civil No. 1:24-cv-03495-SAG
March 2, 2026
Page 8

The ALJ considered Plaintiff's "reported activities" and medical evidence, including response to treatment, and explained how the evidence does not support the level of debilitation alleged. Tr. 21. The ALJ then considered the medical opinions of two state agency medical consultants and two state agency psychological consultants. Tr. 22. The ALJ found both state agency medical consultants' opinions related to Plaintiff's physical impairments to be unpersuasive. Tr. 22. The ALJ noted that both state agency medical consultants found Plaintiff could perform medium work, however, the ALJ pointed to record evidence that supported his finding that Plaintiff was limited to performing sedentary work. Tr. 22. One state agency psychological consultant found Plaintiff's mental impairments non-severe. Tr. 22. The ALJ found this opinion not persuasive, finding Plaintiff more limited than this consultant had opined. Tr. 22. The ALJ concluded that record evidence of Plaintiff's mental health treatment and prescription medication changes during the relevant period supported a finding of severe mental impairments. Tr. 22. Another state agency psychological consultant found Plaintiff's mental impairments resulted in "moderate limitations." Tr. 22. The ALJ found the second state agency psychological consultant's opinion related to Plaintiff's impairments to be "largely persuasive," because it was consistent with examinations which showed fair concentration, impulse control, insight and judgment, though the ALJ noted that the limitation of one-two step instructions is not consistent with Plaintiff's "reports of shopping, doing laundry, and preparing simple meals." Tr. 22. The ALJ's evaluation of all these opinions comported with the requirements of 20 C.F.R. § 416.920c.

At steps four and five, the ALJ determined that Plaintiff had no past relevant work. Tr. 23; *see* 20 C.F.R. § 416.920(a)(4)(iv). However, in accordance with the vocational expert's testimony, the ALJ also determined that a person with Plaintiff's RFC could perform a restricted range of sedentary jobs existing in significant numbers in the national economy, including final assembler, waxer, and dowel inspector. Tr. 24; U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 713.687-018, 779.687-038, and 669.687-014 (4th ed. 1991). Because the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, the ALJ appropriately concluded that Plaintiff was not disabled under the Social Security Act. Tr. 24-25; *see* 20 C.F.R. § 416.920(a)(4)(v) ("If you can make an adjustment to other work, we will find that you are not disabled.").

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays*, 907 F.2d at 1456. The Court may not re-weigh the evidence afresh. *See Theresa S. v. Saul*, Civ. No. TMD-18-2850, 2020 WL 433861, at *4 (D. Md. Jan. 28, 2020) (explaining that a court will not review the evidence in a Social Security appeal *de novo*, "or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner"). In considering the entire record, and given the evidence outlined above, I find that the ALJ supported the decision with substantial evidence and applied the correct legal standards.

## V.     CONCLUSION

*Dawn C. v. Bisignano*
Civil No. 1:24-cv-03495-SAG
March 2, 2026
Page 9

For the reasons set forth herein, Plaintiff's motion for remand, ECF No. 15, is DENIED, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge